**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN FIELDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:20-cv-67-AGF |
| | ) |
| RAUL BANASCO, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Kevin Fields's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, along with a motion for leave to proceed *in forma pauperis*. The Court has reviewed the motion, and has determined to grant petitioner leave to proceed *in forma pauperis* in this action. Additionally, for the reasons explained below, the Court will dismiss this case, without prejudice.

**Background**

Petitioner is a pre-trial detainee at the St. Louis County Justice Center. He is facing charges of murder, robbery, burglary, and armed criminal action. *See State of Missouri v. Kevin Fields*, No. 16SL-CR01188-01 (21st Jud. Cir. 2016). He is represented by counsel, and the Honorable Brian H. May is serving as the presiding judge.

Petitioner initiated this action on January 13, 2020 by filing a document titled "Petition for Writ of Habeas Corpus." Therein, he complained that the state had held him too long, that DNA results collected by an analyst from the St. Louis County Police Department's Crime Laboratory were found to be erroneous, and that he had been denied bail. However, petitioner did not complete the petition using a Court-provided form, as required by the Local Rules of this Court, and

important information was omitted. *See* E.D.Mo. L.R. 2.06(A) ("All actions by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). He also failed to pay the filing fee, or move for leave to proceed without payment of such fee.  Accordingly, on January 16, 2020, this Court entered an order instructing petitioner to file an amended petition on the proper form, and to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. In that order, the Court instructed petitioner, *inter alia*, that the amended petition would take the place of the original, and would be the only pleading that this Court would review. Petitioner timely complied by filing a motion for leave to proceed *in forma pauperis*, along with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the Court now reviews pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## The Amended Petition

Petitioner sets forth three grounds for relief. He identifies Ground One as "Six[th] Amendment." (ECF No. 8 at 6). In the section soliciting the facts supporting Ground One, petitioner writes: "I should have the right to a speedy trial, impartial jury of the state, informed by nature of cause of accusations confronted by witness against me, obtaining witness in my favor, and to have assistant counsel of my defense." *Id.* Petitioner identifies Ground Two as "Eight[h] Amendment." *Id.* In the section soliciting the facts supporting Ground Two, petitioner writes: "Excessive bail should not be required, nor fines imposed, nor cruel and unusual punishment inflicted." *Id.* Petitioner identifies Ground Three as "Fourteenth Amendment." *Id.* In the section

---

[1] Rule 4 also applies to habeas petitions filed pursuant to 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

soliciting the facts supporting Ground Three, petitioner writes: "No state shall make or enforce, deprive any person of life, liberty or property, without due process of law. Nor deny to any person within its jurisdiction the equal protection of laws." *Id.*

Nowhere in the amended petition does petitioner describe circumstances from his ongoing criminal proceedings or otherwise allege facts explaining why he believes the constitutional rights he identified are being violated. In the section of the form petition reserved for petitioner to state what relief he seeks from this Court, petitioner writes: "Due process of the law, equal protection, speedy trial, and fair bail, dismissal." *Id.* at 7.

Petitioner avers he filed a petition for writ of habeas corpus in the Missouri Supreme Court about the issues raised in the petition. Petitioner does not cite a particular case, but review of Missouri Case.net, the State of Missouri's online docketing system, shows that he sought a writ of prohibition, first in the Missouri Court of Appeals[2] and then in the Missouri Supreme Court.[3] In those cases, petitioner sought to prohibit Judge May from enforcing a protective order he issued on October 11, 2019. The protective order limited the scope of questioning during the deposition of a former St. Louis County Crime Lab analyst, and that person's former supervisor. In both cases, petitioner was denied relief.

## Discussion

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," this Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

---

[2] *State ex rel. Kevin Fields v. The Honorable Brian May,* No. ED108309 (Mo. App. E.D. Oct. 30, 2019)
[3] *State ex rel. Kevin Fields v. The Honorable Brian May,* No. SC98188 (Mo. Dec. 24, 2019)

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* pleadings must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). This Court is not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor is it required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

In the case at bar, the Court cannot discern any claims in the amended petition without engaging in improper speculation. Petitioner merely cites the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and describes, in general terms, some provisions thereof. He does not allege that anything occurred during his criminal proceedings that he believes violated any of his rights secured by those amendments. Petitioner submitted the petition on a Court-provided form, which specifically instructed him to state the facts supporting his claims. Even *pro se* pleadings must allege facts which, if true, state a claim for relief as a matter of law. *Martin*, 623 F.2d at 1286. Additionally, this Court previously warned petitioner that the amended petition would replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Accordingly, the Court concludes that petitioner has failed to demonstrate entitlement to relief, and must therefore dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court notes that, in the original petition, petitioner contended that the state had held him too long, that DNA results collected by an analyst from the St. Louis County Crime Lab were found to be erroneous, and that he had been denied bail. The Court also notes that petitioner has

sought relief from Missouri's highest court concerning Judge May's protective order. In an abundance of caution, the Court will consider whether petitioner would be entitled to habeas relief on claims related to these issues, had he asserted them in the amended petition.

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). However, a state court criminal defendant seeking to attack the authority of his pretrial detention may "bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). *See also Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

In this case, had petitioner asserted claims based upon the validity of DNA testing results or Judge May's protective order, such claims would not constitute grounds for relief under § 2241. Section 2241 provides, in relevant part, that a writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Evidentiary issues, and a trial judge's order concerning the scope of deposition testimony, do not amount to allegations that the State of Missouri is holding petitioner in violation of a federally-protected right.

Similarly, had petitioner claimed violation of his rights under Missouri's Speedy Trial Act, MO. REV. STAT. § 545.780, the Court would be unable to grant him relief. Federal courts do "not

have jurisdiction under 28 U.S.C. § 2241 or any other federal statute to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Instead, claims based on state law and the actions of state officials must be addressed by a state court. *Id*. See also *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (stating that in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts."). Review of petitioner's state court criminal case shows that he has not sought a writ of mandamus, which is the vehicle explicitly provided by statute to enforce such rights. *See* MO. REV. STAT. § 545.780(2). Such review also shows that while petitioner initially requested a speedy trial, in October of 2018, May of 2019, and October of 2019 he waived or withdrew those requests and successfully moved to continue his trial setting. *See State of Missouri v. Kevin Fields,* No. 16SL-CR01188-01 (21st Jud. Cir. 2016).

Had petitioner claimed violation of his Sixth Amendment rights related to speedy trial issues, he would be required to demonstrate he had exhausted his state remedies, or that special or extraordinary circumstances excused him from doing so, before this Court would consider such claim. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court"); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (the exhaustion doctrine is meant to protect the state court's opportunity to confront and resolve constitutional issues within its jurisdiction, and is especially important in a speedy trial claim, where the relief granted usually results in dismissal of the case); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and in the interest of comity between federal and

6

state courts, petitioner must first exhaust his state remedies, absent a showing of "special circumstances"); and *Moore v. DeYoung*, 515 F.2d 437, 446 (3rd Cir. 1975) (speedy trial issues require state exhaustion before there can be federal habeas consideration, unless the petitioner can demonstrate "extraordinary circumstances" that would obviate the exhaustion requirement).

Here, it does not appear that petitioner has presented a Sixth Amendment speedy trial claim to any Missouri court. It therefore could not be said that he exhausted his state remedies. Additionally, petitioner could not establish any special circumstances that would obviate the exhaustion requirement. The Sixth Amendment right to speedy trial is not a *per se* special circumstance, *see Dickerson*, 816 F.2d at 227, and as noted above, petitioner is represented by counsel and has repeatedly waived his speedy trial requests and moved to continue his trial setting. Therefore, the Court would not insert itself into petitioner's ongoing state criminal case or circumvent state court processes, especially without a showing that petitioner has availed himself of state court mechanisms. Accordingly, had petitioner asserted a speedy trial claim premised upon the Sixth Amendment, the Court would be unable to grant him relief.

The Court would reach the same result had petitioner claimed violation of his Eighth Amendment right to be free from excessive bail. The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. In this case, petitioner could not demonstrate that he exhausted his state court remedies with regard to bail. Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have a release hearing pursuant to Missouri Supreme Court Rule 33.05. Mo. Sup. Ct. R. 33.01(f). During the hearing, the person shall be permitted to make a record of any relevant issue, including his financial status and ability to

meet any monetary condition. *Id.* If the person alleges the court unlawfully detained him, or set excessive conditions of release, he may seek remedial writ relief in a higher court. Mo. Sup. Ct. R. 33.09. Here, there is no indication that petitioner has availed himself of these state remedies, and he therefore could not demonstrate exhaustion. There is also no indication that this case involves special or extraordinary circumstances that would allow petitioner to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances).

Allowing petitioner to proceed on federal claims without first exhausting his state remedies would place this Court in the position of second guessing the state court judge and interrupting the state's adjudication of petitioner's criminal case. Therefore, had petitioner presented the foregoing claims in the amended petition, the Court would conclude that he was not entitled to relief.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner herein has made no such showing, the Court will not issue a certificate of appealability.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 22nd day of May, 2020.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE